UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

UNITED STATES OF AMERICA,

   -v-                                                                                 No. 20-CR-126-LTS

MARKEL SMALLS,

       Defendant.

------------------------------------------------------x

## MEMORANDUM ORDER

        Defendant Markel Smalls has been detained since his arrest on March 18, 2020, at the Metropolitan Correctional Center ("MCC"), while awaiting trial on charges of violating 21 U.S.C. § 846 by conspiring to distribute heroin, fentanyl, and crack cocaine in violation of 21 U.S.C. § 841(b)(1)(A); and possession and use of a firearm in furtherance of a federal drug trafficking crime (distributing heroin, fentanyl, and crack cocaine), in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii), (iii) and 2. By letter, Mr. Smalls moves for release on conditions of bail in light of the COVID-19 public health crisis. (Docket Entry No. 40.) The Government opposes Mr. Smalls's motion. (Docket Entry No. 46.) Mr. Smalls has filed a reply letter. (Docket Entry No. 47.) The Court has considered carefully all of the written submissions and arguments, and has also reviewed Mr. Smalls's Pretrial Services report, dated March 19, 2020, as well as the transcript of the bail proceedings before Magistrate Judge Aaron on March 19, 2020.

        On March 19, 2020, Magistrate Judge Aaron determined that "no condition or combination of conditions [would] reasonably assure the appearance of [Mr. Smalls] as required and the safety of any other person and the community" pursuant to 18 U.S.C. § 3142(e)(1), and he ordered Mr. Smalls detained pending trial. (Docket Entry No. 36.) Judge Aaron based his

determination on (i) the seriousness of the offenses charged, which involve trafficking of dangerous narcotics and use of firearms, (ii) the weight of the Government's evidence against Mr. Smalls, (iii) Mr. Smalls's lengthy criminal history, which includes nine prior convictions, including three felonies (one for second degree assault and one for possession of a defaced weapon), (iv) the fact that Mr. Smalls was on parole when he committed the crimes alleged, and (v) the general danger to the community posed by Mr. Smalls's apparently ready access to firearms. (Bail Transcript ("Bail Tr."), dated March 19, 2020.) At the hearing before Judge Aaron, the Government also proffered that Mr. Smalls knowingly evaded arrest for weeks by providing false contact information to his state parole officer and hiding out at his girlfriend's home. (Bail Tr. at 5-6.) Defense counsel also raised issues related to the COVID-19 pandemic, which was ongoing at the time of the hearing. (Bail Tr. at 8-9.)

Mr. Smalls now seeks temporary release to closely monitored confinement at his girlfriend's home, in his girlfriend's custody, during the current public health emergency arising from the COVID-19 pandemic. He proffers that a respiratory ailment and a family history of certain medical conditions and traits place him "at high risk for contracting COVID-19." (Docket Entry No. 40 at 2.)

Under 18 U.S.C. § 3142(i), the Court has the legal authority to grant relief from an order of detention entered under 18 U.S.C. § 3142(e). Section 3142(i) permits the temporary pretrial release of a defendant otherwise requiring detention into the custody of a U.S. marshal or other "appropriate" person where "the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). Courts in this District have done so in appropriate cases; indeed, in limited circumstances, a serious medical condition can constitute a "compelling reason" under this provision. See, e.g.,

U.S. v. Perez, No. 19 Cr. 297 (PAE), 2020 WL 1329225, at *1 (S.D.N.Y. Mar. 19, 2020) (granting bail application of 65-year-old defendant with COPD, pursuant to 18 U.S.C. § 3142(i), in light of "unique confluence of serious health issues and other risk factors facing this defendant, . . . which place him at a substantially heightened risk of dangerous complications should [he] contract COVID-19"). Mr. Smalls has the burden of showing that temporary release is necessary under 3142(i). See U.S. v. Dupree, 833 F. Supp. 2d 241, 246 (E.D.N.Y. 2011).

Mr. Smalls's argument that he does not pose a risk of flight because he "attended every appointment with his parole officer as scheduled" (docket entry no. 40 at 3) does not address sufficiently the very serious issue of the danger he poses to the community, given his history of involvement in violent crime and the strong evidence relating to the instant charges. Nor does it address adequately the issue of flight risk, given that he evaded arrest by giving false contact and residential information to the probation officer over a substantial period of time. Similarly, third party custody by his girlfriend is insufficient in light of the Government's proffers that Mr. Smalls's girlfriend helped him evade arrest on the present charges. Supervision and policing resources are particularly strained during the current pandemic conditions, heightening the importance of protection of the community from persons and circumstances that pose documented threats.

The Court does not take lightly the elevated risk that Mr. Smalls's confinement and medical conditions pose for his own health and safety. The current public health crisis presents an elevated risk for those who are confined, as compared to those living in situations where social distancing is more feasible and where the most effective cleaning products are more readily available. The Bureau of Prisons ("BOP") has, however, implemented policies and consulted with appropriate experts to mitigate the risks posed by COVID-19. Most recently,

BOP has instituted a mandatory 14-day quarantine lockdown of all inmates across the BOP system.  (Docket Entry No 46 at 5.)  The BOP's mitigation measures do not, and cannot, eliminate completely the risk of COVID-19, but these measures are calculated to mitigate the risk of infection in its inherently close quarters, for all persons in custody and BOP staff.  Although, in certain cases, the specific medical conditions of individual pretrial detainees may create risks so substantial that they reduce or outweigh the safety risks posed by temporary release of such detainees, the Court finds that, in Mr. Smalls's case, the danger to the community presented by Mr. Smalls's release outweighs substantially even the heightened the risk of exposure to COVID-19 that he faces while in detention, particularly in light of Mr. Smalls's failure to identify concrete, imminent threats to his health beyond those that are generally posed for all detainees who may be, or who are, at risk of developing medical issues that could put them in the higher risk categories.  Mr. Smalls's understandable need and desire to maximize his ability to protect himself from infection do not reduce significantly the risk of community violence and risk of flight that he presents.  The Court concludes that Mr. Smalls's proffered medical issues do not provide a basis compelling enough for the Court to disregard the serious danger his release would pose to the public, particularly in light of the Government's proffers concerning Mr. Smalls's involvement in gang-related drug sales involving dangerous firearms.

The Court, accordingly, finds that Mr. Smalls has not sustained his burden of demonstrating that temporary release pursuant to 18 U.S.C. § 3142(i) is necessary or appropriate in his case and, therefore, denies Defendant's application for temporary release pursuant to 18 U.S.C. § 3142(i).

This Order resolves Docket Entry No. 40.

SO ORDERED.

Dated: New York, New York
April 14, 2020

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge